**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin W. Shilts, | No. CV-08-1440-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Michael J. Astrue, | |
| Defendant. | |

The court has before it plaintiff's opening brief in support of his motion for summary judgment (doc. 12), defendant's answering brief (doc. 16), and plaintiff's reply brief (doc. 24).

Plaintiff filed an application for disability insurance benefits and supplemental security income benefits on September 16, 2004, alleging disability since July 1, 2001, due to obesity, affective disorder, history of alcohol abuse (in remission), shortness of breath, agoraphobia, and back pain. Plaintiff is five feet seven inches tall and weighs between 485 and 500 pounds.

Following a hearing on September 5, 2006, the administrative law judge ("ALJ") issued a decision finding that plaintiff was not disabled within the meaning of the Social Security Act and denying benefits. The Appeals Council vacated the ALJ's decision and remanded for expansion of the record and further consideration of, among other things, the

effect of plaintiff's obesity on his residual functional capacity. The Appeals Council also instructed the ALJ to develop a hypothetical question that reflects the specific capacity limitations established by the record as a whole. The ALJ held a second hearing on remand and once again concluded that plaintiff is not disabled. The decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then filed this action for judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

A district court may set aside a denial of benefits "only if it is not supported by substantial evidence or if it is based on legal error." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). Substantial evidence is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion. Where the evidence is susceptible to more than one rationale interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Id. (citation omitted).

The ALJ determined that plaintiff has the residual functional capacity to perform sedentary work. He found that plaintiff is able to sit for six hours, stand for two to four hours, and walk for two hours in an eight-hour work day. He can lift or carry 10 pounds frequently and 20 pounds occasionally. He cannot crawl or climb ladders, ropes or scaffolds, but he can occasionally climb ramps and stairs, bend, crouch, and kneel.

Plaintiff now contends that the ALJ failed to properly weigh and evaluate the opinion of psychologist David Wayne Smith. Dr. Smith opined that plaintiff was unable to wear street shoes, had difficulty with personal bathing, and could not walk more than 200 feet without stopping to regain his breath. Tr. 337, 340. Dr. Smith concluded that "due to his excessive weight, he would not be able to work." Tr. 342. Plaintiff acknowledges that Dr. Smith is not an "acceptable medical source" qualified to give an opinion to establish medically determinable impairments. Opening Brief at 7-8. However, he contends that Dr. Smith's opinion is "other source" medical evidence that the Commission can use to show the severity of plaintiff's obesity and depression and how it affects his ability to work. Id.

1    Controlling weight is accorded to treating medical sources only when the opinion is
2 well supported by medically acceptable clinical and laboratory diagnostic techniques and is
3 not inconsistent with other substantial evidence of record. 20 C.F.R. § 404.1527(d)(2). The
4 nature and extent of the treatment relationship is relevant in determining the weight given to
5 a medical source opinion. Id. § 404.1527(d)(2)(ii).

6    The ALJ considered Dr. Smith's observations regarding the physical effects of
7 plaintiff's obesity, but properly limited the weight of that opinion given that Dr. Smith is not
8 a medical doctor qualified to give an opinion about physical limitations due to obesity. In
9 addition, the ALJ noted that Dr. Smith's opinion was contradicted by Dr. Bressler, a medical
10 doctor, who opined that plaintiff had the residual functional capacity to perform sedentary
11 to light work. Tr. 20. The ALJ provided specific and legitimate reasons that are supported
12 by substantial evidence for discounting Dr. Smith's opinion.

13    Plaintiff also contends that the ALJ failed to resolve inconsistencies in medical source
14 opinions regarding plaintiff's alleged agoraphobia. Dr. Smith reported that plaintiff suffered
15 from agoraphobia and was not able to leave his home unless accompanied by his girlfriend.
16 Tr. 347. Donald R. Ross, Ed.D., also diagnosed plaintiff with agoraphobia. Tr. 366. The
17 ALJ discounted these opinions, however, noting that Edward Jasinski, Ph.D., reported that
18 there "was no evidence of a panic or anxiety disorder for agoraphobia." Tr. 19. However,
19 Dr. Ross diagnosed "Agoraphobia without history of panic disorder." Tr. 366. Plaintiff
20 asserts that agoraphobia can exist without an accompanying panic disorder. Opening Brief
21 at 11 (citing DSM-IV). Because an unexplained inconsistency exists with respect to the
22 diagnosis of agoraphobia and its impact on plaintiff's ability to work, we remand this case
23 to the ALJ for further consideration.

24    Finally, plaintiff contends that the ALJ erred in concluding that plaintiff is not
25 disabled because the vocational expert's testimony establishes that plaintiff is unable to work.
26 Plaintiff testified that he is not physically able to wipe after using the restroom and instead
27 must clean himself in the shower. Tr. 68. The Commissioner does not dispute plaintiff's
28 testimony. The vocational expert testified that there are no jobs in the national economy that

would allow a person "to go home and clean himself in the event he needs to exercise his bodily functions." Tr. 84. The record is not adequately developed to address whether plaintiff's inability to wipe himself actually affects his ability to work. The only option given to the vocational expert is that plaintiff would have to leave work after he uses the restroom. It is not clear whether other options are available. Therefore, we direct the ALJ on remand to also consider whether plaintiff's physical limitation precludes his ability to remain in the workplace.

**IT IS ORDERED GRANTING** plaintiff's motion for summary judgment (doc. 12) and **REMANDING** this case to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further consideration in accordance with this order. The clerk is directed to enter final judgment.

DATED this 10th day of June, 2009.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge